# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSEPH EMANUEL, )
)
      Plaintiff, )
)
v. ) Civil Action No. 17-63 (BAH)
)
UNITED STATES DEPARTMENT OF )
JUSTICE, )
)
)
      Defendant. )

## **MEMORANDUM OPINION**

The plaintiff, Joseph Emanuel, filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of records maintained by the Bureau of Prisons ("BOP") pertaining to an incident report. BOP released records, and its parent agency, the Department of Justice, has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 15. Upon consideration of the parties' submissions and the entire record, and for the reasons that follow, the Court grants the defendant's motion and enters judgment accordingly.

## I. BACKGROUND

The plaintiff is a federal prisoner incarcerated at the U.S. Penitentiary in Jonesville, Virginia. In October 2015, the "Plaintiff submitted a FOIA request to the Bureau of Prisons seeking all records relating to Incident Report No. 2761076." Def.'s Stmt. of Material Facts as to Which There is No Genuine Issue ("Def.'s Facts") ¶ 1. BOP located fifteen responsive pages and released all but two pages on October 29, 2015. Seven of the thirteen released pages contained redacted material. *Id*. ¶ 5 (citing Decl. of Dominick Desanto ¶ 5, ECF No. 22-1).

1

On January 11, 2017, the plaintiff filed this lawsuit to compel " 'full' disclosure of the photos in regards to Incident Report No.: '2761076' in relation to Incident of Possession of a Weapon (Homemade Knife)," which occurred in September 2015 and for which the plaintiff was sanctioned. Compl. at 6, 8, ECF No. 1. In response, BOP "re-processed plaintiff's original FOIA request" and released all fifteen responsive pages on March 10, 2017. Ten pages contained redacted material pursuant to FOIA exemptions 6, 7(C), and 7(F), codified in 5 U.S.C. § 552(b). Def.'s Facts ¶¶ 7-8 (citing Desanto Decl. ¶¶ 6, 7). The release included "an evidence photograph of the weapon," with the names of BOP staff redacted pursuant to exemptions 6, 7(C) and 7(F). Desanto Decl. ¶ 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the "absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), while the nonmoving party must present specific facts supported by materials in the record that would be admissible at trial and that could enable a reasonable jury to find in its favor, *see Anderson v. Liberty Lobby, Inc. ("Liberty Lobby")*, 477 U.S. 242, 248 (1986); *Allen v. Johnson*, 795 F.3d 34, 38 (D.C. Cir. 2015) (noting that, on summary judgment, appropriate inquiry is "whether, on the evidence so viewed, 'a reasonable jury could return a verdict for the nonmoving party'" (quoting *Liberty Lobby*, 477 U.S. at 248)). "[T]hese general standards under [R]ule 56 apply with equal force in the FOIA context," *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989), and the D.C. Circuit has observed that "'the vast majority of FOIA cases can be resolved

on summary judgment,'" *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

Federal courts are authorized under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). An improper withholding occurs when an agency withholds information that is not protected by nine exemptions set forth in the statute or fails to conduct an adequate search for responsive material. When an agency's response to a FOIA request is to withhold responsive records, either in whole or in part, the agency "bears the burden of proving the applicability of claimed exemptions." *Am. Civil Liberties Union v. U.S. Dep't of Def. ("ACLU/DOD")*, 628 F.3d 612, 619 (D.C. Cir. 2011).

An agency may carry its burden of properly invoking an exemption by submitting sufficiently detailed affidavits or declarations, a *Vaughn* index of the withheld documents, or both, to demonstrate that the government has analyzed carefully any material withheld, to enable the court to fulfill its duty of ruling on the applicability of the exemption, and to enable the adversary system to operate by giving the requester as much information as possible, on the basis of which the requester's case may be presented to the trial court. *See Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) ("In FOIA cases, 'summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" (alteration adopted) (quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006))); *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (instructing that agency affidavit "should reveal as much detail as possible as to the nature of the document, without actually disclosing

information that deserves protection[,] . . . [which] serves the purpose of providing the requestor with a realistic opportunity to challenge the agency's decision" (citation omitted)); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) (noting that agency's burden is sustained by submitting affidavits that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith") (quoting *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.' " *ACLU/DOD,* 628 F.3d at 619 (internal quotation marks omitted) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## III. DISCUSSION

The plaintiff challenges the defendant's releases due to certain discrepancies he observed and redactions of third-party names. As discussed below, these challenges are unavailing.

### 1. The Plaintiff's Rebuttal

The plaintiff compares the twice released photograph page and asserts that a genuine issue of material fact exists with regard to BOP's "amended release" because (1) the redactions are different from those appearing in the initial release; (2) the photograph of the weapon "was altered to a dark appearance"; and (3) exemption 7(C) was added to exemption 7(F) as a basis for the withholdings.[1] Opp'n at 6 and Exs. 1 and 2, ECF No. 17. In its reply filed on June 26, 2017,

---

[1] BOP's declarant informs that "due to agency policy implemented between the original release [in October 2015] and the reprocessing [in October 2017]," BOP was required to redact "all BOP staff names" from the latter release. Desanto Decl. ¶ 6. The policy is neither cited nor is it a part of this record, and summary judgment cannot rest on such a blanket assertion. The Court of Appeals has chastised, and even penalized, the government for failing to "assert all exemptions at the same time, in the original district court proceedings," *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764, 769 (D.C. Cir. 2000), but has indicated that an agency should change or modify its initial administrative position during the course of the litigation when releasing information is likely to "compromise[ ] . . . personal, private

the defendant shows that the entire photo page was re-released to the plaintiff, with only the names of two BOP employees redacted under FOIA exemptions 7(C) and 7(F). *See* Reply at 1-2 and Ex. A, ECF No. 18, 18-1. In addition, the defendant released "[a] more legible copy of . . . two [previously released] pages," Reply at 2 and Ex. B, in response to the plaintiff's criticism of the "redacted version[s] of the two pages [purportedly] released for review."[2] Opp'n at 7 and Ex. 3. Consequently, those aspects of the plaintiff's claims are moot. *See Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016) (agreeing "that any dispute over the earlier withholding of the documents that the Department has now turned over is moot," but "only with regard to those documents").

### 2. BOP's Exemptions

The plaintiff's only other dispute is with BOP's application of FOIA exemption 7(F) to the third-party names redacted from the photo page. *See* Opp'n at 11-14. But BOP also invokes exemption 7(C) to withhold the same information, which the plaintiff has not challenged. And where "all information that would fall within the scope of [one asserted exemption] would also be immune from disclosure under [another asserted exemption], there is "no need" to consider both. *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Accordingly, the

---

information" or "where [there is] a substantial change in the factual context of the case or an interim development in the applicable law[,]" *id*. at 767. *Cf. Shapiro v. U.S. Dep't of Justice*, 177 F. Supp. 3d 467, 470 (D.D.C. 2016) (denying FBI's "request to apply its new policy to the plaintiffs' long-pending FOIA requests" where the change was known but not advanced during the litigation). Therefore, the Court finds no evidence of bad faith to deny summary judgment to the defendant in this regard.

[2] BOP's declarant describes the two pages as copies of "screen captures" taken "from the TRUSCOPE computer system print out [of] . . . searches on September 15, 2015, and explains: such images "appear dark when captured and subsequently printed. However, this is the only method by which the BOP captures and keeps these documents." Desanto Decl. ¶ 10.

Court turns now to the central question of whether BOP properly withheld third-party names under exemption 7(C), *see* Desanto Decl. ¶¶ 7-10, 12, to warrant summary judgment.[3]

Exemption 7 protects from disclosure "'records or information' . . . 'compiled for law enforcement purposes,'" but only to the extent that disclosure reasonably could be expected to result in one of the six enumerated harms "described in the lettered subsections of Exemption 7." *Sack v. U.S. Dep't of Defense*, 823 F.3d 687, 694 (D.C. Cir. 2016) (quoting 5 U.S.C. § 552(b)(7)). Thus, the Court considers first whether the requested document was compiled for law enforcement purposes, and, if so, whether the agency has demonstrated that the document's release would "have one of the six results specified in the Act." *Codrea v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 239 F. Supp. 3d 128, 132 (D.D.C. 2017) (quoting *FBI v. Abramson*, 456 U.S. 615, 622 (1982)).

The requested records pertain to an incident report at a federal prison and thus satisfy the threshold law enforcement requirement of Exemption 7. *See* Desanto Decl. ¶ 4 (explaining that a search of the files likely to contain responsive documents encompassed the computer system of the Special Investigative Services department, "which is the location staff uses to document all investigations," and the plaintiff's inmate file, "which would also hold any incident reports . . . related to [the plaintiff]"); *cf. Mingo v. U.S. Dep't of Justice*, 793 F. Supp. 2d 447, 453 (D.D.C. 2011) (finding records maintained by BOP's Special Investigative Office satisfied exemption 7's threshold law enforcement requirement).

Exemption 7(C) authorizes an agency to withhold law enforcement records if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5

---

[3] Although the plaintiff is concerned only with the photo page, the Court's analysis applies equally to the remaining pages, which, too, were released with only third-party names redacted under FOIA exemptions 6, 7(C), and 7(F). *See* Desanto Decl. ¶¶ 10, 12, 13.

U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular information, an individual's interest in privacy must be balanced against the public interest in disclosure. *See Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011). The privacy interest at stake belongs to the individual, not the government agency, *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989), and an individual has "a strong interest in not being associated unwarrantedly with alleged criminal activity," *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.' " *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773). The FOIA requester is obliged to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004); *see id.* at 175 (explaining that the requester must make a "meaningful evidentiary showing" of a public interest "to balance against the cognizable privacy interests in the requested records").

BOP's declarant satisfactorily explains the harm in disclosing the third-party names and contends that no overriding public interest exists to compel their disclosure. *See* Desanto Decl. ¶¶ 8-9. Indeed, "[a]s a result of Exemption 7(C), . . . FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information," *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) (citing cases), including the names of "investigators, suspects, witnesses, . . . informants," *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003), and public employees, *Bast v. U.S. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981); *accord Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1092 (D.C. Cir. 2014). The plaintiff has not countered with a public interest to

7

trigger the balancing requirement; therefore, the defendant, having properly justified the redactions, is entitled to judgment as a matter of law. *See Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("We have been shown no public interest [and] need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time.").

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that BOP has complied fully with its disclosure obligations under FOIA. Accordingly, DOJ's motion for summary judgment is granted.

A separate Order accompanies this Memorandum Opinion.

   /s/ *Beryl A. Howell*
CHIEF JUDGE

DATE: October 30, 2017